2  In the Matter of WILLIAM C. HITT, Appellant, v ANTONIA R. D'APICE et al., Constituting the Board of Elections of the County of Westchester, et al., Respondents.—In a proceeding to validate a petition nominating William C. Hitt as a candidate of the Independent Citizens' Party for the public office of Supervisor of the Town of Cortlandt, County of Westchester, the appeal is from a judgment of the Supreme Court, Westchester County (Gurahian, J.), entered September 26, 1989, which denied the application.

Ordered that the judgment is affirmed, without costs or disbursements.

A prior proceeding was instituted on September 5, 1989 to validate the petitioner's nominating petition pursuant to Election Law § 16-102. That proceeding was dismissed by judgment of the Supreme Court, Westchester County (Gurahian, J.), entered September 18, 1989, on the ground that the objector Raymond A. D'Alvia was neither named nor served as a necessary party to the proceeding.

The instant proceeding was instituted on September 20, 1989. The last day to institute a proceeding with regard to a nominating petition is 14 days after the last day to file such

petitions with the Westchester County Board of Elections. The last day to file the subject nominating petition was August 22, 1989. Therefore, this proceeding should have been commenced by September 5, 1989. However, since the instant proceeding was not commenced until September 20, 1989, the Supreme Court correctly found that it was "a de novo proceeding separate and distinct from that previously considered" by the court and that it was untimely *(see, Matter of Butler v Hayduk,* 37 NY2d 497).

*Matter of Pell v Coveney* (37 NY2d 494), upon which the petitioner relies, is distinguishable, for the Board's delay in issuing its determination herein until after the last day for commencement of a proceeding did not cause the instant proceeding to be untimely. Rather, the petitioner actually attempted to commence a proceeding within the statutory time limit. However, the prior proceeding was dismissed due to the failure to properly serve the objector *(see, Matter of Elston v Mahoney,* 122 AD2d 969, 970). Mangano, J. P., Thompson, Bracken and Rosenblatt, JJ., concur.