(October 25, 1989)

■ In the Matter of WILLIAM F. SHEEHAN, Appellant, v GEORGE P. SCARINGE et al., Constituting the Albany County Board of Elections, et al., Respondents.—Per Curiam. Appeal from a judgment of the Supreme Court (Keniry, J.), entered October 10, 1989 in Albany County, which denied petitioner's

---

application, in a proceeding pursuant to Election Law § 16-102, to declare invalid the independent nominating petition naming various respondents as the Independent Anti-Bypass Party candidates for certain offices of the Town of Guilderland in the November 7, 1989 general election.

Petitioner commenced this proceeding raising numerous objections to the independent nominating petition for respondents James P. Cleary, William F. Aylward and Gene D. Therriault (hereinafter collectively referred to as respondents) as the candidates of the Independent Anti-Bypass Party for Supervisor and Councilmen in the Town of Guilderland. The parties agree that 550 signatures are required for placement on the ballot in the general election. The nominating petition as filed contained 667 signatures. Supreme Court, either upon stipulation or challenge, invalidated 103 signatures* so that the nominating petition contained 564 valid signatures, more than the minimum required. Accordingly, Supreme Court denied petitioner's application and petitioner appeals.

Before reaching the merits, we must reject petitioner's contention that Supreme Court improperly denied his motion for a default judgment. It appears from the record that the motion was precipitated by respondents' failure to file a timely answer, which respondents explained resulted from law office failure. Supreme Court, in denying petitioner's motion, conditioned respondents' service of an answer on a $100 sanction, which was apparently satisfied. In light of the sanction imposed and respondents' reasonable excuse of law office failure, we find no abuse of Supreme Court's discretion in this regard (see, CPLR 2005, 3012 [d]).

Turning to the merits, Election Law § 6-140 (1) requires that the subscribing witness to each sheet of an independent nominating petition specify his or her "residence address, also post office address if not identical". On this appeal, petitioner challenges 17 sheets of the petition containing some 273 contested signatures on the ground that the subscribing witnesses' residence addresses differ from their post-office addresses although the latter are not specified. Respondents do not seriously dispute that the addresses are different but argue that any omission is not misleading or likely to cause misidentification or confusion. Supreme Court concluded that the post-office address requirement is one of form rather than

---

* Our review of the record reveals that 37 signatures, not 38 as determined by Supreme Court, were invalidated upon stipulation. This difference, however, is inconsequential in view of our determination.

content and their absence, which is not likely to cause confusion, did not require invalidation of the contested sheets.

It occurs to us, however, that the post-office address requirement is analogous to the requirement of Election Law § 6-140 (1) that a subscribing witness set forth his or her election and assembly district. This requirement is considered not one òf form but one of content, for which there should be strict compliance (see, Matter of Liss v Sadowski, 59 NY2d 635, 636). Our inquiry, then, is not whether the omission is misleading or likely to cause misidentification or confusion, but rather whether the required information is specified on the petition. In the absence of the required post-office addresses being specified, petitioner's objections in this regard must be upheld.

Respondents' reliance on Matter of Regan v Toole (104 AD2d 728, affd on mem below 63 NY2d 681) is misdirected. In Regan (supra, at 728), there was "no showing in the record that the addresses of the subscribing witnesses' residences and their post office addresses [were] not identical", whereas here there is no genuine dispute about the differences. Likewise, respondents' reliance on Matter of McLiverty v Lefever (133 AD2d 720) is unpersuasive because the court in that case, in upholding the nominating petition, relied on extrinsic proof that mail sent to the residence address of the subscribing witness would be delivered to the subscribing witness notwithstanding a different, omitted post-office address. Such proof is not present here and, in any event, indicates that substantial, rather than strict, compliance was the standard applied by the court, a standard we eschew.

Petitioner's objection concerning the omitted post-office addresses invalidates some 273 of the remaining 564 signatures, clearly leaving less than the required 550 valid signatures. Accordingly, the judgment must be reversed and petitioner's request that the nominating petition be declared invalid granted. This determination makes it unnecessary for us to consider petitioner's other claims.

Judgment reversed, on the law, with costs, petition granted and the independent nominating petition naming respondents James P. Cleary, William F. Aylward and Gene D. Therriault as the Independent Anti-Bypass Party candidates for Supervisor and Councilmen of the Town of Guilderland in the November 7, 1989 general election declared invalid. Mahoney, P. J., Casey, Weiss, Mercure and Harvey, JJ., concur.