■ In the Matter of JOHN ECKART et al., Appellants, v GERALD EDELSTEIN et al., Respondents, and PASSQUALE J. CURCIO et al., Respondents.—In a proceeding to validate a petition designating various persons as candidates in a primary election to be held on September 15, 1992, for certain Conservative Party positions and for the nomination of the Conservative Party as its candidates for certain public offices in Suffolk County, the appeal is from an order and judgment (one paper) of the Supreme Court, Suffolk County (Floyd, J.), entered August 20, 1992, which dismissed the proceeding.

Ordered that the order and judgment is affirmed, without costs or disbursements.

Pursuant to Election Law § 16-102 (2), a proceeding with respect to a designating petition shall be instituted within 14 days after the last day to file the designating petition or, as the statute was amended by section 27 of the Election Reform Act of 1992 (L 1992, ch 79, § 27): "within fourteen days after the last day to file the petition, or within three business days after the officer or board with whom or which such petition was filed, makes a determination of invalidity with respect to such petition, whichever is later".

The last day to file the designating petition was July 27, 1992. The record sustains the finding of the Supreme Court that the Board of Elections completed its review and ruled on the invalidity of the designating petition on August 5, 1992. Therefore, the last day on which the petitioners could institute the instant proceeding was August 10, 1992, which was 14 days after the last day to file the designating petition and three business days after August 5, 1992, when the Board of Elections ruled on the invalidity of the designating petition. The petitioners commenced the instant proceeding by service of an order to show cause and petition on August 11, 1992. Thus, it was not timely commenced, and the court lacked jurisdiction to consider the merits of the petitioners' claims. Although the order to show cause annexed to the petition commencing the proceeding provided that those papers must be served on or before August 12, 1992, that provision of the order to show cause could not and did not extend the period of limitations for commencement of the proceeding (see, Matter of Manz v Lawley, 21 AD2d 750, citing Matter of King v Cohen, 293 NY 435). Mangano, P. J., Thompson, Sullivan, Lawrence and Pizzuto, JJ., concur.