OPINION OF THE COURT
Robert A. Lifson, J.
*383 In this CPLR article 78 proceeding, petitioners Jean Heath, Ryland Gaines and Joseph Fritz request that the court declare erroneous, improper and contrary to law the determination of respondent Joan Johnson, Islip Town Clerk, which found invalid a petition for a referendum to establish a ward system for election of members of the Town Council. The proceeding was commenced by order to show cause dated November 2, 1995. By a notice of motion dated November 15, 1995, respondents Town of Islip (Town) and Joan Johnson, as Town Clerk (Clerk), move to dismiss (before answering) pursuant to CPLR 7804 (f); 3211 (a) (5), (7), (8), (10); and (c), "upon the grounds that said proceeding is (1) time barred by the applicable statute of limitations, (2) fails to state a cause of action because the witness statements of the subject petitions are fatally defective, and because jurisdiction has not been obtained over necessary parties,” and for other relief. By separate motion dated December 6, 1995, respondents Holmes and Pfaffe[1] move to dismiss "upon the grounds that the proceeding is (1) time barred by the applicable statute of limitations, (2) fails to state a cause of action because the witness statements of the subject petitions are fatally defective, (3) the court has no jurisdiction of the person of the respondent nina holmes, and (4) the court should not proceed in the absence of persons who should be parties, and for such other, further, and different relief as to the court may seem just, proper, and equitable”. Petitioners opposed the motions. The moving parties and petitioner were heard at oral argument on December 28, 1995 when this matter was submitted for the court’s decision.
facts:
The petition alleges that the individual petitioners are residents and electors of the Town of Islip. In July, August and September 1995, a petition (the ward petition) for a referendum "pursuant to Town Law, Section 81” was circulated in the Town. The ward petition requested that a referendum be conducted by the Town Board upon the question of whether the ward system for the election of Town Council members should be established in the Town of Islip.
On September 7, 1995, the ward petition, in one bound volume, was filed in the office of the Town Clerk. The petition *384 contained 346 sheets bearing 5,859 signatures.[2] On September 11, 1995, respondents Thomas A. Pfaffe, Jr., Nina L. Holmes and Elizabeth A. Gibbons filed separate general objections to the ward petition in the office of the Town Clerk, each claiming that the "petition and supporting documents are insufficient, void and not in accordance with the provisions of the Town Law and the Election Law of the State of New York”. On September 18, 1995, respondents Pfaffe and Holmes separately filed specific objections to the ward petition.
The specific objections of respondent Pfaffe (movant Town’s exhibit G) claim that all 5,859 signatures are invalid due to defects in the statement of witness section which (it is not controverted) is identical on every page of the petition. Also, Pfaffe’s specific objections claim that 5,850 of those 5,859 are invalid for other reasons,[3] that numerous of the signatures are forged and that the petition is permeated with fraud and rendered invalid by reason of such fraud.
The specific objections of Nina L. Holmes (movant Town’s exhibit H) claim the same bases for objections asserted by Pfaffe. She too claimed all 5,859 signatures are invalid due to defects in the statement of witness section. However, as movant Town observes, the specific objections of Holmes challenge 5,336 of the 5,859 signatures on grounds other than the claimed defects in the statements of witness "when applying other criteria” (see, Messina affirmation, Nov. 17, 1995, ¶ 3 [E]). The lack of clarity as to the "other criteria” referred to appears to be due to the absence of the "specification sheets” which paragraph 5 of the specific objections of both Pfaffe and Holmes refer to as "submitted herewith” but which are not in fact part of the relevant Town motion exhibits (G and H). This apparent omission of a portion of the Town exhibits aforesaid is not determinative, however, in view of the court’s determination for the reasons hereinafter set forth.
On September 29, 1995, the Town Clerk made written determinations upon the objections filed by respondents. In *385 separate documents entitled "Notice of Invalidation Filed Pursuant to Town Law” bearing date September 29, 1995, the Clerk sustained Pfaffe’s and Holmes’ specific objections finding all 5,859 signatures invalid. Said notice states, in relevant part:
"I find and determine that due to the failure of the statement of witness to strictly comply with the statutory requirements of § 6-140 of the Election Law of the State of New York, and solely on that basis, I do hereby sustain the specific objections of Thomas A. Pfaffe, Jr., to same dated September 18, 1995. Accordingly, I need not and do not make any other finding, ruling, or determination of Mr. Pfaffe’s other specific objections.
"However, a review of same indicates the following:
"1. Certain signers of the petition are not registered to vote as set forth in the petition.
"2. Certain signers failed to include the election district of their residence as required by law.
"3. In certain instances witness statements were defective, in other ways, which may invalidate all or some of the signatures thereon.
"4. The names of 2449 signers of the petitions do not appear on the last preceding Town assessment roll.
"As previously stated, none of the aforementioned items 1 through 4, inclusive have been used as the basis for invalidating the petition herein. The sole basis of my determination is the failure of the statement of witness to comply with statutory requirements.
"The specific objections also contained certain allegations of fraudulent signatures. The Town Clerk has no authority to rule on such objections.
"The Suffolk County Board of Elections has determined that 5% of the total votes cast for governor in the Town of Islip at the last general election held for the election of state officers was 4,042.
"The petitions filed purportedly contained 5,859 signatures.
"The number of signatures invalidated in the aforementioned review on the grounds that the statement of witness does not comply with statutory requirements is 5,859.
"therefore, based on the foregoing, the petition is invalid.”
It is not controverted that the necessary number of valid *386 signatures to warrant the requested referendum under Town Law § 81 (4) is 4,042.
The Town Clerk’s notices aforementioned were filed in the Town Clerk’s office and copies mailed to the objectors and their attorneys via certified mail, return receipt requested, received by them between October 2 and 4, 1995. On November 2, 1995, this proceeding was filed.
motions to dismiss:
In moving to dismiss the Town respondents and respondent Holmes cite the same ground relied upon by the Clerk in the determination to invalidate the ward petition — its failure to follow the statutorily prescribed form for the "statement of witness” set forth in Election Law § 6-140 (1) (b) to the extent that the petitions lack the wording "and I am also duly qualified to sign the petition”.
Where language is statutorily mandated as part of the content of a petition, it is considered a matter of substance and not form (Matter of Frome v Board of Elections, 57 NY2d 741 [1982];[4] see too, Matter of Sheehan v Scaringe, 154 AD2d 832, lv denied 74 NY2d 615 [3d Dept 1989]), requiring strict compliance. (Matter of Sheehan v Scaringe, supra; Matter of Liss v Sadowski, 59 NY2d 635 [1983], cited in Matter of Morgan v Jenkins, 208 AD2d 732 [2d Dept 1994].) Herein, the absence of the statutorily prescribed statement aforequoted is fatal. As this defect tainted every petition involved, the Clerk correctly invalidated all of the 5,859 signatures upon the ground she stated, to wit, "the failure of the statement of witness to strictly comply with the statutory requirements of § 6-140 of the Election Law”. (Petition herein, exhibit 2, at 4; see also, Matter of Cohalan, 71 Misc 2d 196 [Sup Ct, Suffolk County 1972], affd sub nom. Matter of Cohalan v Olmo, 41 AD2d 840 [2d Dept 1973].)
A more compelling basis exists for dismissal of the petition. Respondents rely upon Election Law § 16-102 (2) in claiming that this proceeding was not timely commenced. That section states, in relevant part, as follows:
*387 "§ 16-102. Proceedings as to designations and nominations, primary elections, etc. * * *
"2. A proceeding with respect to a petition shall be instituted within fourteen days after the last day to file the petition, or within three business days after the officer or board with whom or which such petition was filed, makes a determination of invalidity with respect to such petition, whichever is later”. Reasoning that the subject provision of the Town Law providing for "Election upon proposition” — section 81 — incorporates provisions of the Election Law governing subscription and authentication of petitions, respondents contend that the Statute of Limitations provided for in the Election Law section quoted above applies to the petition herein and that it is untimely when measured thereunder. Neither of respondents’ memoranda in support of the motions cite case law supporting the proposition advanced, that the time limitation set forth in Election Law § 16-102 (2) must be applied to a petition for a mandatory referendum pursuant to Town Law § 81, nor has the court’s research revealed any case authority for such proposition.
However, in addition to the Town Law § 81 implementation of other provisions of the Election Law (discussed supra), the court observes that Election Law § 1-102 (in "article l — general provisions”) states as follows: "This chapter shall govern the conduct of all elections at which voters of the state of New York may cast a ballot for the purpose of electing an individual to any party position or nominating or electing an individual to any federal, state, county, city, town or village office, or deciding any ballot question submitted to all the voters of the state or the voters of any county or city, or deciding any ballot question submitted to the voters of any town or village at the time of a general election. Where a specific provision of law exists in any other law which is inconsistent with the provisions of this chapter, such provision shall apply unless a provision of this chapter specifies that such provision of this chapter shall apply notwithstanding any other provision of law.” (Emphasis supplied.) The court finds and concludes that Election Law § 16-102[5] is applicable in the instant proceeding through the broad operation of section 1-102. Under said section 16-102 (2), the later of the two enumerated time periods, to wit, "or within three business days after the officer or board with whom or *388 which such petition was filed makes a determination of invalidity with respect to such petition” is applicable herein. Three business days following the Clerk’s determination of September 29, 1995, expired on October 4, 1995. Even if the court were to consider the date of the receipt of the Clerk’s determination (at the latest, Oct. 4, 1995) as the date from which to measure[6] the "three business days”, the instant proceeding filed November 2, 1995, is clearly untimely.
Based upon the foregoing, the respondents’ motions to dismiss the petition are granted.
The court’s determination renders academic the remaining grounds cited by respondent upon these motions to dismiss— that the court lacks jurisdiction over necessary parties (see, motion of Town and Clerk), that the court should not proceed in the absence of necessary parties and that the court lacks jurisdiction over respondent Holmes. (See, motion of Holmes and Pfaffe.)

. Respondent Pfaffe joined in the application of Holmes (see, Rettaliata affirmation, Dec. 12, 1995, ¶ 10) adopting her arguments for dismissal following an adjournment of the first motion made (the Town’s) from its original return date of December 8, 1995.

. The petition alleges there are 5,859 signatures. The respondent Town’s motion makes reference to same as containing "5,850” signatures. (Messina affirmation, Nov. 17, 1995, 3 [A].) However, paragraph 3 (D) thereof clearly indicates that the total is 5,859 as alleged in the petition.

. There is some inconsistency expressed in the specific objections of Pfaffe between paragraph 3 thereof, where he claims that 5,850 of the 5,859 signatures are "invalid for other reasons” and paragraph 7 thereof, where he indicates that the total number of invalid signatures for reasons "other than set forth in paragraph 2 hereof [objection based on form of statement of witness]” is 5,859.

. Frome (supra) was cited by the Appellate Division, Second Department, in Matter of Barrett v Brodsky (196 AD2d 603 [1993], lv denied 82 NY2d 653), where the Court acknowledged the principle confirmed by the Frome Court (but reached the conclusion the designating petition there involved was valid due to a 1993 change in the statutorily mandated language of the statement of witness to exclude the requirement of statement of the witness’s town or city of residence).

. The court observes also that the title of section 16-102 itself, "Proceedings as to designations and nominations, primary elections, etc.”, suggests application beyond designating or nominating petitions.

. Election Law § 16-102 (2) does not appear to require measurement of this period from receipt of notice of determination by those affected.