■ In the Matter of DESMOND A. GREEN, Appellant, v CORAMINITA MAHR et al., Respondents. [646 NYS2d 385] —In a proceeding to validate a petition designating Desmond A. Green as a

candidate in a primary election to be held on September 10, 1996, for the nomination of the Democratic Party as its candidate for the public office of Judge of the Surrogate's Court for Kings County, the appeal is from a judgment of the Supreme Court, Kings County (Garry, J.), dated August 2, 1996, which, in effect, dismissed the proceeding.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the proceeding is reinstated, and the matter is remitted to the Supreme Court, Kings County, for further proceedings.

A proceeding to contest the invalidation of a designating petition must be "instituted within fourteen days after the last day to file [a] petition, or within three business days after * * * a determination of invalidity" (Election Law § 16-102 [2]). A petitioner raising a challenge under Election Law § 16-102 must comply with CPLR 304 in order to "commence" the proceeding, and the petitioner must also complete service on all necessary parties within the period prescribed by Election Law § 16-102 (2) in order to "institute" the proceeding in a timely fashion (see, Matter of Zicari v Stewart, 207 AD2d 951, 952; Matter of Barbarite v Hill, 197 AD2d 740; Matter of Ehle v Wallace, 195 AD2d 1086). Since the petitioner filed his pleadings with the County Clerk and presented his order to show cause on the same day that his designating petition was determined to be invalid, this proceeding was commenced in a timely fashion, and the petitioner still had three days to serve all of the necessary parties in a manner reasonably calculated to give them notice within the time limits set by Election Law § 16-102 (2). The dismissals of the petitioner's prior proceedings were not on the merits and do not present an impediment to the timely institution of this proceeding. Accordingly, the judgment is reversed and the matter is remitted to the Supreme Court, Kings County, for further proceedings. Hart, J. P., Florio, McGinity and Luciano, JJ., concur.