■ In the Matter of ANDREW C. MARINO et al., Appellants, v ORANGE COUNTY BOARD OF ELECTIONS et al., Respondents. [763 NYS2d 505] —In a proceeding pursuant to Election Law § 16-102 to validate so much of a designating petition as designated Andrew C. Marino and Nicole Mogul as candidates in a primary election to be held on September 9, 2003, for the nomination of the Democratic Party as candidates for the public offices of Mayor of the City of Newburgh and City Council Member of the City of Newburgh, respectively, the petitioners appeal from a final order of the Supreme Court, Orange County (Owen, J.), dated August 8, 2003, which denied the petition and dismissed the proceeding.

Ordered that the final order is affirmed, without costs or disbursements.

The Supreme Court should have denied the petition and dismissed the proceeding on the ground that the proceeding was untimely. Election Law § 16-102 (2) provides: "A proceeding with respect to a petition shall be instituted within fourteen days after the last day to file the petition, or within three business days after the officer or board with whom or which such

petition was filed, makes a determination of invalidity with respect to such petition, whichever is later." The last day to file the designating petitions was July 10, 2003 (*see* Election Law § 6-158 [1]), and the Orange County Board of Elections ruled on the invalidity of the designating petitions on Friday, July 25, 2003. Therefore, the last day on which the petitioners could have instituted the instant proceeding was Wednesday, July 30, 2003. It is undisputed that the petitioners served the order to show cause and petition on July 31, 2003. Although the order to show cause annexed to the petition commencing the proceeding provided that those papers be served on or before July 31, 2003, that provision could not and did not extend the period of limitations within which to institute the proceeding within the meaning of the Election Law (*see Matter of Green v Mahr,* 230 AD2d 873 [1996]; *Matter of Eckart v Edelstein,* 185 AD2d 955 [1992]; *see also Matter of King v Cohen,* 293 NY 435 [1944]; *Matter of Ehle v Wallace,* 195 AD2d 1086 [1993]; *cf. Matter of Zicari v Stewart,* 207 AD2d 951 [1994]; *see generally* Siegel, *Election Cases and the New Filing Law,* NYLJ, Aug. 23, 1993, at 1, col 1). Thus, the proceeding was untimely, and the Supreme Court lacked jurisdiction to consider the merits of the petitioners' claims (*see Matter of Helfer v Amos,* 198 AD2d 887 [1993]). Santucci, J.P., Florio, Friedmann, Crane and Mastro, JJ., concur.