(March 5, 2004)

■ In the Matter of JORDAN K. WILSON, JR., Respondent, v ROBERT L. GARFINKLE et al., Appellants, et al., Respondent. [772 NYS2d 552]—

In a proceeding pursuant to Election Law § 16-102 to validate a petition nominating Jordan K. Wilson, Jr., as the candidate of the Community Party for the public office of Suffolk County Legislator, 15th Legislative District, in a special election to be held on March 9, 2004, Robert L. Garfinkle and Anita S. Katz appeal, as limited by their brief, from so much of a final order of the Supreme Court, Suffolk County (Baisley, J.), dated March 2, 2004, as, after a hearing, granted the petition.

Ordered that the final order is reversed insofar as appealed from, on the law, without costs or disbursements, the petition is denied, the proceeding is dismissed, and the Suffolk County Board of Elections is directed to remove the petitioner's name from the appropriate ballot.

A proceeding to contest the invalidation of an independent

nominating petition for a special election "shall be instituted within seven days after the last day to file [a] petition for such . . . independent nomination or within three business days after the officer or board . . . makes a determination of invalidity" (Election Law § 16-102 [2]). A petitioner raising a challenge under Election Law § 16-102 must commence the proceeding and complete service on all the necessary parties within the period prescribed by Election Law § 16-102 (2) (*see Matter of Green v Mahr,* 230 AD2d 873 [1996]; *Matter of Zicari v Stewart,* 207 AD2d 951 [1994]). At issue here is whether the petitioner commenced the instant proceeding within three business days after the Suffolk County Board of Elections (hereinafter the Board) made its determination of invalidity on February 23, 2004. We find that he did not.

The order to show cause obtained by the petitioner was signed on February 26, 2004, and provided for overnight delivery upon the necessary parties on or before February 27, 2004. Since service in this Election Law proceeding was not completed until February 27, 2004, the time limits set by Election Law § 16-102 (2) were not satisfied and the proceeding was untimely (*see Matter of Thompson v New York State Bd. of Elections,* 40 NY2d 814 [1976]; *Matter of Bruno v Peyser,* 40 NY2d 827 [1976]; *Matter of Green v Mahr, supra; Matter of Barbarite v Hill,* 197 AD2d 740 [1993]; *Matter of Yellico v Ringer,* 185 AD2d 965 [1992]).

*Matter of Pell v Coveney* (37 NY2d 494 [1975]), upon which the petitioner relies, is distinguishable. In that case, the petitioners received notice of the Board of Election's determination that their petitions were invalid after the time period had run. Here, the petitioner received informal notification of the Board's determination on February 24, 2004, and formal notification on February 25, 2004. Thus, this proceeding could have been timely commenced within the applicable three-day period. Santucci, J.P., Florio, Schmidt and Mastro, JJ., concur.