■ In the Matter of WILLIAM G. SAYEGH et al., Appellants, v ANTHONY G. SCANNAPIECO, JR., et al., Respondents, et al., Respondent. [780 NYS2d 743]—In a proceeding pursuant to Election Law § 16-102 to validate a petition designating William G. Sayegh and Rema M. Sayegh as candidates in a primary election to be held on September 14, 2004, for the party positions of Male and Female Member, respectively, of the Independence Party State Committee, 99th Assembly District, Putnam County, the petitioners appeal from a final order of the Supreme Court, Putnam County (Dickerson, J.), entered August 13, 2004, which denied the petition and dismissed the proceeding as untimely.

Ordered that the final order is affirmed, without costs or disbursements.

Contrary to the appellants' contention, the Supreme Court properly denied the petition for failure to commence the proceeding within the time prescribed by Election Law § 16-102 (2) (see Matter of Wilson v Garfinkle, 5 AD3d 409 [2004]; Matter of Marino v Orange County Bd. of Elections, 307 AD2d 1011 [2003]; Matter of Krenzer v Town of Caledonia Zoning Bd. of Appeals, 233 AD2d 882 [1996]; see also Krenzer v Town of Caledonia Zoning Bd. of Appeals, 167 Misc 2d 708 [1995]; Matter of Eckart v Edelstein, 185 AD2d 955 [1992]). Santucci, J.P., Krausman, Skelos and Lifson, JJ., concur.

(August 23, 2004)

■ ROBERT ALLEN, Appellant, v WESTCHESTER ACQUISITION CORP. et al., Respondents, et al., Defendants. [780 NYS2d 906]—In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Douglass, J.), dated December 17, 2003, as denied his cross motion for leave to enter judgment against the defendants Westchester Acquisition Corp. and Efraen R. Llovet upon their failure to timely appear or answer.

Ordered that the order is affirmed insofar as appealed from, with costs.

The denial of the plaintiff's cross motion for leave to enter judgment against the defendants Westchester Acquisition Corp. and Efraen R. Llovet upon their failure to timely appear or answer was a provident exercise of discretion (see Rooney v Webb Ave. Assoc., 1 AD3d 246 [2003]; Gagen v Kipany Prods., 289 AD2d 844 [2001]; Kaiser v Delaney, 255 AD2d 362 [1998]). Altman, J.P., Goldstein, Schmidt, Cozier and Skelos, JJ., concur.