■ In the Matter of LLOYD M. KURTH, Appellant, v ORANGE COUNTY BOARD OF ELECTIONS et al., Respondents. [883 NYS2d 908]—

In a proceeding pursuant to Election Law § 16-102, inter alia, to validate a petition designating Lloyd M. Kurth as a candidate in a primary election to be held on September 15, 2009, for the nomination of the Democratic Party as its candidate for the public office of Superintendent of Highways of the Town of Goshen, the petitioner appeals from a final order of the Supreme Court, Orange County (Owen, J.), entered August 10, 2009, which dismissed the proceeding as untimely.

Ordered that the final order is affirmed, without costs or disbursements.

"A proceeding with respect to a petition shall be instituted within fourteen days after the last day to file the petition, or

within three business days after the officer or board with whom or which such petition was filed, makes a·determination of invalidity with respect to such petition, whichever is later" (Election Law § 16-102 [2]). To properly institute the proceeding, "[a] petitioner raising a challenge under Election Law § 16-102 must commence the proceeding and complete service on all the necessary parties within [that] period" (*Matter of Wilson v Garfinkle*, 5 AD3d 409, 410 [2004]; *see Matter of King v Cohen*, 293 NY 435, 439 [1944]; *Matter of McDonough v Scannapieco*, 65 AD3d 647 [2009] [decided herewith]; *Matter of Davis v McIntyre*, 43 AD3d 636, 637 [2007]).

The last day to file designating petitions was July 16, 2009 (*see* Election Law § 6-158 [1]), and the Orange County Board of Elections ruled on July 17, 2009, that the petitioner's designating petition was invalid. Thus, the last day on which the petitioner could have timely instituted the instant proceeding was July 30, 2009 (*see* Election Law § 16-102 [2]).

It is undisputed that the petitioner filed the order to show cause and petition on July 30, 2009, but did not serve the respondents on or before that date. Thus, the time limit set by Election Law § 16-102 (2) for instituting a proceeding was not satisfied, and the proceeding was untimely (*see Matter of McDonough v Scannapieco*, 65 AD3d 647 [2009]; *Matter of Wilson v Garfinkle*, 5 AD3d at 410; *Matter of Marino v Orange County Bd. of Elections*, 307 AD2d 1011, 1012 [2003]; *see also Matter of Keane v Clark*, 43 AD3d 639, 640 [2007]; *Matter of Davis v McIntyre*, 43 AD3d at 636-637; *Matter of Riley v Democratic Party of Owasco*, 21 AD3d 708, 709-710 [2005]).

Although the order to show cause directed the petitioner to personally serve the respondents at or before 2:00 P.M. on August 3, 2009, that provision of the order to show cause could not, and did not, extend the period of time within which to institute the proceeding (*see Matter of McDonough v Scannapieco*, 65 AD3d 647 [2009]; *Matter of Marino v Orange County Bd. of Elections*, 307 AD2d at 1012; *Matter of Eckart v Edelstein*, 185 AD2d 955 [1992]; *see also Matter of Davis v McIntyre*, 43 AD3d at 637). Accordingly, the Supreme Court properly dismissed the proceeding as untimely.

In light of our determination, we need not reach the petitioner's remaining contentions. Skelos, J.P., Florio, Covello, Balkin and Austin, JJ., concur.