■ In the Matter of MIREILLE P. LEROY, Appellant, v BOARD OF ELECTIONS IN CITY OF NEW YORK, Respondent. [883 NYS2d 907]—

In a proceeding pursuant to Election Law § 16-102, inter alia, to validate a petition designating Mireille P. Leroy as a candidate in a primary election to be held on September 15, 2009, for the nomination of the Democratic Party as its candidate for the public office of Member of the New York City Council, 28th Council District, the petitioner appeals from a final order of the Supreme Court, Queens County (Kerrigan, J.), dated August 11, 2009, which dismissed the proceeding as untimely.

Ordered that the final order is affirmed, without costs or disbursements.

Pursuant to Election Law § 16-102 (2), a proceeding with respect to a designating petition "shall be instituted within fourteen days after the last day to file the petition, or within three business days after the officer or board with whom or which such petition was filed, makes a determination of invalidity with respect to such petition, whichever is later." The petitioner was notified on July 27, 2009, that her designating petition had been invalidated by the Board of Elections in the City of New York (hereinafter the Board) pursuant to rule D6 of the duly-adopted Designating Petition and Opportunity to Ballot Petition Rules for the September 2009 Primary Election. Rule D6 provided for a final determination of invalidity upon a potential candidate's failure to cure a defect in his or her designating petition. The petitioner failed to commence this proceeding by July 30, 2009, which was both the fourteenth day after the last day to file the petition and the third business day after the written determination by the Board that the designat-

ing petition was invalid. Accordingly, the proceeding was properly dismissed as untimely (*see Matter of Sayegh v Scannapieco*, 10 AD3d 439 [2004]; *Matter of Marino v Orange County Bd. of Elections*, 307 AD2d 1011, 1012 [2003]; *Matter of Eckart v Edelstein*, 185 AD2d 955, 955-956 [1992]; *see also Matter of McDonough v Scannapieco*, 65 AD3d 647 [2009] [decided herewith]; *Matter of Kurth v Orange County Bd. of Elections*, 65 AD3d 642 [2009] [decided herewith]). The petitioner's contention that the Board's written determination of invalidity was a nullity is raised for the first time on appeal, and therefore is not properly before this Court (*see Burgos v Rateb*, 64 AD3d 530 [2009]).

In light of our determination, the petitioner's remaining contention is academic. Spolzino, J.P., Dillon, Miller, Angiolillo and Dickerson, JJ., concur.