■ In the Matter of Suzanne F. McDonough, Appellant, v Anthony G. Scannapieco, Jr., et al., Respondents. [883 NYS2d 906]—

In a proceeding pursuant to Election Law § 16-102, inter alia, to validate a petition designating Suzanne F. McDonough as a candidate in a primary election to be held on September 15, 2009, for the nomination of the Independence Party as its

candidate for the public office of Member of the Town Council of the Town of Carmel, the petitioner appeals from a final order of the Supreme Court, Putnam County (O'Rourke, J.), entered August 12, 2009, which denied the petition, inter alia, to validate and dismissed the proceeding.

Ordered that the final order is affirmed, without costs or disbursements.

The Supreme Court denied the petition, inter alia, to validate the petitioner's designating petition and dismissed the proceeding on the sole ground that the petitioner failed to include a cover sheet when she filed her 10-page designating petition, although she cured the defect the following day, as permitted under the rules and regulations promulgated pursuant to the Election Law, as amended by the Legislature in 1996 (see Election Law § 6-134 [2], [10]; 9 NYCRR 6215.2 [b]; 6215.6 [a]; 6215.7 [d]). We affirm, but on the jurisdictional ground asserted in the verified answer of the respondent Greg E. Ellner, which the Supreme Court did not address in the final order appealed from.

"A proceeding with respect to a petition shall be instituted within fourteen days after the last day to file the petition, or within three business days after the officer or board with whom or which such petition was filed, makes a determination of invalidity with respect to such petition, whichever is later" (Election Law § 16-102 [2]). To properly institute the proceeding, "[a] petitioner raising a challenge under Election Law § 16-102 must commence the proceeding and complete service on all the necessary parties within [that] period" (Matter of Wilson v Garfinkle, 5 AD3d 409, 410 [2004]; see Matter of King v Cohen, 293 NY 435, 439 [1944]; Matter of Kurth v Orange County Bd. of Elections, 65 AD3d 642 [2009] [decided herewith]; Matter of Davis v McIntyre, 43 AD3d 636, 637 [2007]).

Here, the deadline to file designating petitions for the September 15, 2009, primary election was July 16, 2009, and the Putnam County Board of Elections ruled on the invalidity of the designating petitions on Monday, July 27, 2009. Therefore, the last day on which the petitioner could have instituted the instant proceeding was Thursday, July 30, 2009. However, it is undisputed that the respondents were not served until after July 30, 2009. Accordingly, "the time limits set by Election Law § 16-102 (2) were not satisfied and the proceeding was untimely" (Matter of Wilson v Garfinkle, 5 AD3d at 410; see Matter of Kurth v Orange County Bd. of Elections, 65 AD3d 642 [2009]; Matter of Davis v McIntyre, 43 AD3d at 637). Moreover, language with regard to service contained in the order to show cause that

commenced the proceeding "could not and did not extend the period of limitations within which to institute the proceeding within the meaning of the Election Law" (*Matter of Marino v Orange County Bd. of Elections*, 307 AD2d 1011, 1012 [2003]; *see Matter of Kurth v Orange County Bd. of Elections*, 65 AD3d 642 [2009]; *Matter of Davis v McIntyre*, 43 AD3d at 637). Mastro, J.P., Leventhal, Belen, Chambers and Lott, JJ., concur.