■ In the Matter of CESAR A. MALAGA, Appellant, v SUFFOLK COUNTY BOARD OF ELECTIONS et al., Respondents. [886 NYS2d 639]—

In a proceeding, in effect, pursuant to Election Law § 16-102, inter alia, to validate an independent nominating petition nominating Cesar A. Malaga as the candidate of the Green Party in the general election to be held on November 3, 2009, for the office of Suffolk County Legislator, 14th Legislative District, Cesar A. Malaga appeals from a final order of the Supreme Court, Suffolk County (Sweeney, J.), dated September 17, 2009, which granted the motion of the respondents Suffolk County Board of Elections, Anita Katz, and Cathy I. Richter Deier, and the separate motion of the respondent Theresa Jo Sabatino, pursuant to CPLR 3211 (a) (5) and (7) to dismiss the proceeding, and dismissed the proceeding.

Ordered that the final order is affirmed, without costs or disbursements.

A proceeding to validate a nominating petition is governed by the statute of limitations set forth in Election Law § 16-102 (2)

(*see Matter of McDonough v Scannapieco*, 65 AD3d 647 [2009]; *Matter of Wilson v Garfinkle*, 5 AD3d 409 [2004]). "A proceeding with respect to a petition shall be instituted within fourteen days after the last day to file the petition, or within three business days after the officer or board with whom or which such petition was filed, makes a determination of invalidity with respect to such petition, whichever is later" (Election Law § 16-102 [2]). "A petitioner raising a challenge under Election Law § 16-102 must commence the proceeding and complete service on all the necessary parties within the period prescribed by Election Law § 16-102 (2)" (*Matter of Wilson v Garfinkle*, 5 AD3d at 410; *see Matter of Green v Mahr*, 230 AD2d 873, 874 [1996]).

Here, the deadline for filing nominating petitions was August 18, 2009, and the Suffolk County Board of Elections declared the appellant's nominating petition invalid on August 31, 2009. Therefore, the last day on which the appellant could have instituted the instant proceeding was September 3, 2009. Since this proceeding was not commenced until September 10, 2009 the proceeding was properly dismissed, as it was time-barred (*see Matter of McDonough v Scannapieco*, 65 AD3d at 647; *Matter of Wilson v Garfinkle*, 5 AD3d at 409).

The parties' remaining contentions are either academic in light of the foregoing or without merit. Covello, J.P., Santucci, Chambers and Lott, JJ., concur.