In a proceeding pursuant to Election Law § 16-102, inter alia, to validate a petition designating John F. Gangemi as a candidate in a primary election to be held on September 10, 2013, for the nomination of the Democratic Party as its candidate for the public office of Brooklyn Borough President, the petitioner appeals from a final order of the Supreme Court, Kings County (Schmidt, J.), dated August 8, 2013, which dismissed the proceeding as untimely.
Ordered that the final order is affirmed, without costs or disbursements.
“A proceeding with respect to a petition shall be instituted within fourteen days after the last day to file the petition, or within three business days after the officer or board with whom or which such petition was filed, makes a determination of invalidity with respect to such petition, whichever is later” (Election Law § 16-102 [2]). Here, the petitioner was notified on July 19, 2013, that his designating petition had been invalidated by the Board of Elections in the City of New York (hereinafter the Board) pursuant to rule D6 of the duly adopted Designating Petition and Opportunity to Ballot Petition Rules for the September 2013 Primary Election (hereinafter rule D6). Rule D6 provides for a final determination of invalidity upon a potential candidate’s failure to cure a defect within his or her designating petition (see Matter of Leroy v Board of Elections in City of N.Y., 65 AD3d 645, 645 [2009]).
*542 The petitioner commenced this proceeding on August 2, 2013, which was 22 days after the last day to file the designating petition, and 10 business days after the Board determined that the designating petition was invalid. Accordingly, the Supreme Court properly dismissed the proceeding as untimely (see Election Law § 16-102 [2]; Matter of McDonough v Scannapieco, 65 AD3d 647, 648 [2009]; Matter of Leroy v Board of Elections in City of N.Y., 65 AD 3d at 645-646; Matter of Sayegh v Scannapieco, 10 AD3d 439 [2004]). In light of the foregoing, the petitioner’s remaining contentions have been rendered academic. Dillon, J.E, Angiolillo, Dickerson and Cohen, JJ., concur.