*831 In a hybrid proceeding, in effect, pursuant to Election Law article 16 to validate a petition to hold a referendum on a proposition to increase the number of members on the Town Council of the Town of Ramapo from four to six, and action for declaratory relief, Christian G. Sampson, as the Town Clerk of the Town of Ramapo, and the Town of Ramapo appeal, by permission, from an order of the Supreme Court, Rockland County (Garvey, J.), dated March 7, 2013, which, inter alia, denied their motion to dismiss the petition/complaint as time-barred.
Ordered that the order is affirmed, with costs to the petitioners-respondents.
On September 6, 2012, the petitioners/plaintiffs Michael Parietti and Robert Romanowski filed a petition (hereinafter the referendum petition) with the Town Clerk of the Town of Ramapo, seeking to compel the Town to conduct a referendum asking Town voters “SHALL THE NUMBER OF COUNCILMEN OR COUNCILWOMEN OF THE TOWN OF RAMAPO BE INCREASED FROM FOUR TO SIX?” On October 23, 2012, after general and specific objections were filed, the Town Clerk issued determinations and findings invalidating all of the signatures in the referendum petition, thus concluding that the referendum petition did not comply with Town Law § 81.
On November 20, 2012, the petitioners/plaintiffs (hereinafter the petitioners) commenced this hybrid proceeding, in effect, pursuant to Election Law article 16 and action for declaratory relief, seeking to validate the referendum petition and to compel the Town Clerk to schedule a special election on the subject referendum, and for a judgment declaring that the referendum petition is valid. On November 21, 2012, the petitioners served copies of the initiatory papers in this matter upon the Town of Ramapo and the Town Clerk (hereinafter together the appellants).
The appellants thereafter moved pursuant to CPLR 3211 (a) (5) to dismiss the petition/complaint on the ground that it was time-barred by virtue of Election Law § 16-102 (2). Specifically, the appellants argued that the proceeding/action was time-barred since it was not commenced within three business days after October 23, 2012, the date on which the Town Clerk made the determination that the referendum petition was invalid. The petitioners opposed the motion, arguing, among other things, that the proceeding/action was timely commenced because the four-month statute of limitations applicable to CPLR article 78 proceedings (see CPLR 217 [1]), rather than *832 the three-day limitation period set forth in Election Law § 16-102 (2), applied.
In an order dated March 7, 2013, the Supreme Court denied the appellants’ motion to dismiss the petition/complaint. The court concluded that, although the three-day statute of limitations set forth in Election Law § 16-102 (2) was applicable (see Health v Town of Islip, 169 Misc 2d 382, 386 [Sup Ct, Suffolk County 1996]), and that a petitioner raising a challenge under this section must file and complete service on all necessary parties within the prescribed time period in order to timely institute the proceeding (see Matter of Goodman v Nassau County Bd. of Elections, 87 AD3d 668, 668 [2011]; Matter of McDonough v Scannapieco, 65 AD3d 647, 648 [2009]; Matter of Wilson v Garfinkle, 5 AD3d 409, 410 [2004]; Matter of Green v Mahr, 230 AD2d 873 [1996]), the petitioners’ failure to file the underlying petition within this three-day period did not render the proceeding time-barred because the limitations period was to have expired on October 26, 2012, the day that Hurricane Sandy hit New York State. Accordingly, the court determined that Governor Andrew M. Cuomo’s Executive Order No. 52 (9 NYCRR 8.52), signed by the Governor on October 31, 2012, suspended the statute of limitations, and that the petitioners thereafter timely commenced the proceeding/action within the statute of limitations, as extended by Executive Order No. 52.
The appellants’ sole argument on this appeal is that the Supreme Court erred in finding that Executive Order No. 52 was effective as of October 26, 2012. The appellants assert that the Executive Order was not effective until October 31, 2012, the date on which it was issued, and that since the statute of limitations for this proceeding expired on October 26, 2012, the proceeding/action is time-barred. We disagree.
Executive Order No. 52 provides:
“Temporary Suspension and Modification of Statutory Provisions Establishing Time Limitations on Actions and Time in Which to Take an Appeal
“WHEREAS, on October 26, 2012, I issued Executive Order Number 47 declaring a disaster emergency in all 62 counties in the State of New York;
“NOW, THEREFORE, I, ANDREW M. CUOMO, Governor of the State of New York, by virtue of the authority vested in me by Section 29-a of Article 2-B of the Executive Law to temporarily suspend specific provisions of any statute, local law, ordinance, orders, rules or regulations, or parts thereof, of any agency during a State disaster emergency, if compliance with such provisions would prevent, hinder or delay action necessary *833 to cope with the disaster, I hereby temporarily suspend, for the period from the date of this Executive Order until further notice, the following laws:
“Section 201 of the Civil Practice Law and Rules, so far as it bars actions whose limitation period concludes during the period commencing from the date that the disaster emergency was declared pursuant to Executive Order Number 47, issued on October 26, 2012, until further notice, and so far as it limits a court’s authority to extend such time, whether or not the time to commence such an action is specified in Article 2 of the Civil Practice Law and Rules;
“Section 5513 of the Civil Practice Law and Rules, so far as it relates to a limitation period that concludes during the period commencing from the date that the disaster emergency was declared pursuant to Executive Order Number 47, issued on October 26, 2012, until further notice;
“Section 25 of the Court of Claims Act, so far as it relates to a limitation of time to appeal in which a limitation period concludes during the period commencing from the date that the disaster emergency was declared pursuant to Executive Order Number 47, issued on October 26, 2012, until further notice;
“Sections 30.10 and 30.30 of the Criminal Procedure Law, so far as they may bar criminal prosecutions brought in Bronx, Dutchess, Kings, Nassau, New York, Orange, Putnam, Queens, Richmond, Rockland, Suffolk and Westchester Counties, in cases whose limitation periods conclude during the period commencing from the date that the disaster emergency was decldred pursuant to Executive Order Number 47, issued on October 26, 2012, until further notice;
“Subdivision (2) of section 310.10 of the Criminal Procedure Law, so far as it may limit the duration of a recess of a deliberating jury in Bronx, Dutchess, Kings, Nassau, New York, Orange, Putnam, Queens, Richmond, Rockland, Suffolk and Westchester Counties, in cases where such a recess was declared during the period commencing from the date that the disaster emergency was declared pursuant to Executive Order Number 47, issued on October 26, 2012, until further notice;
“Sections 460.10, 460.30, 460.50 and Article 460 of the Criminal Procedure Law, so far as they relate to a limitation of time to appeal and such limitation period concludes during the period commencing from the date that the disaster emergency was declared pursuant to Executive Order Number 47, issued on October 26, 2012, until further notice; and
“Section 1113 of the Family Court Act, so far as it relates to a *834 limitation of time to appeal and such limitation period concludes during the period commencing from the date that the disaster emergency was declared pursuant to Executive Order Number 47, issued on October 26, 2012, until further notice;
“In addition, I hereby temporarily suspend and modify, for the period from the date of this Executive Order until further notice, any other statute, local law, ordinance, order, rule or regulation or part thereof, establishing limitations of time for the filing or service of any legal action, notice or other process or proceeding that the courts lack authority to extend through the exercise of discretion, where any limitation of time concludes during the period commencing from the date that the disaster emergency was declared pursuant to Executive Order Number 47, issued on October 26, 2012, until further notice” (9 NYCRR 8.52 [emphasis added]).
Executive Law § 29-a, pursuant to which the Governor issued Executive Order No. 52, provides that orders issued under section 29-a “shall be effective from the time and in the manner prescribed in such orders” (Executive Law § 29-a [3]). The appellants assert that Executive Order No. 52 clearly states that it is effective “for the period from the date of this Executive Order until further notice,” and since the Governor issued the order on October 31, 2012, that is the effective date. The petitioners assert that Executive Order No. 52 clearly states that it applies to cases “where any limitation of time concludes during the period commencing from the date that the disaster emergency was declared pursuant to Executive Order Number 47, issued on October 26, 2012, until further notice.” Although these two provisions appear to be facially in conflict with each other, “[t]he rules of statutory construction . . . require that, where it is possible to do so, the various parts of the statutory scheme be harmonized, reading and construing them together (see Matter of Pilgrim Psychiatric Ctr. [Christian F.], 197 AD2d 204 [1994]; McKinney’s Cons Laws of NY, Book 1, Statutes § 97), and reconciling the apparently conflicting provisions in the manner most consistent with the overall legislative intent (see Levine v Bornstein, 4 NY2d 241, 245 [1958]; People ex rel. Mason v McClave, 99 NY 83, 89 [1885]; McKinney’s Cons Laws of NY, Book 1, Statutes § 98)” (Matter of Ador Realty, LLC v Division of Hous. & Community Renewal, 25 AD3d 128, 134 [2005]). Interpreting Executive Order No. 52 as suggested by the appellants would undermine its purpose. If the suspension of limitations periods took effect on October 31, 2012, those individuals who were unable to initiate actions on the day Hurricane Sandy struck in New York would be unable to benefit from the suspen *835 sion. This would be an unreasonable result (see People v Garson, 6 NY3d 604, 614 [2006]).
The Supreme Court’s determination in this regard is further supported by reading Executive Order No. 52 in conjunction with Executive Law § 29-a (2) (a) and Governor Andrew M. Cuomo’s Executive Order No. 81 (9 NYCRR 8.81). Executive Law § 29-a (2) (a) provides that “no suspension shall be made” pursuant to that section “for a period in excess of thirty days, provided, however, that upon reconsideration of all of the relevant facts and circumstances, the governor may extend the suspension for additional periods not to exceed thirty days each.” In Executive Order No. 81, issued by Governor Cuomo on November 20, 2012, the Governor recognized that section 29-a provides that no suspension shall be made for a period in excess of 30 days, and commented that Executive Order No. 52 would “expire on November 25, 2012” (9 NYCRR 8.81). The Governor then extended most of the provisions of Executive Order No. 52, including the one relevant to this appeal, through December 25, 2012. The fact that the Governor stated that Executive Order No. 52 was set to expire on November 25, 2012, is significant because that is exactly 30 days after October 26, 2012. Had the Governor intended for Executive Order No. 52 to be effective from October 31, 2012, he would have stated that it was set to expire on November 30, 2012. Based on the foregoing, we conclude that the Supreme Court’s interpretation of Executive Order No. 52 was correct, and that the appellants’ sole contention on appeal is without merit.
Eng, EJ., Miller, Hinds-Radix and Maltese, JJ., concur.