Matter of Mandell v Board of Elections of the City of N.Y. (2018 NY Slip Op 05807)





Matter of Mandell v Board of Elections of the City of N.Y.


2018 NY Slip Op 05807


Decided on August 22, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2018-09779
 (Index No. 6244/18)

[*1]In the Matter of Matt Mandell, et al., respondents,
v
Board of Elections of the City of New York, appellant.




DECISION & ORDER
In a proceeding pursuant to Election Law § 16-102, inter alia, to validate petitions designating the petitioners as candidates in a primary election to be held on September 13, 2018, for the party positions of Members of the Democratic County Committee for certain Election Districts within certain Assembly Districts in Queens County, the Board of Elections in the City of New York, sued herein as the Board of Elections of the City of New York, appeals from a final order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), dated August 17, 2018. The final order, insofar as appealed from, granted those branches of the petition which were to validate the designating petitions of 25 of the 27 petitioners, directed the Board of Elections in the City of New York, sued herein as the Board of Elections of the City of New York, to place the names of those 25 petitioners on the primary election ballot, and denied the motion of the Board of Elections in the City of New York, sued herein as the Board of Elections of the City of New York, in effect, to dismiss the proceeding as untimely.
ORDERED that the final order is reversed insofar as appealed from, on the law, without costs or disbursements, the motion of the Board of Elections in the City of New York, sued herein as the Board of Elections of the City of New York, in effect, to dismiss the proceeding as untimely is granted, the petition is denied, and the proceeding is dismissed. By order to show cause and petition filed on August 13, 2018, the petitioners commenced this proceeding in the Supreme Court, Queens County, inter alia, to validate petitions designating them as candidates in a primary election to be held on September 13, 2018, for the party positions of Members of the Democratic County Committee for certain Election Districts within certain Assembly Districts in Queens County. Earlier, on July 10 and 12, 2018, the petitioners filed their designating petitions with the Board of Elections in the City of New York, sued herein as the Board of Elections of the City of New York (hereinafter the Board). Each designating petition was accompanied by a cover sheet. It is undisputed that all of the cover sheets contained defects. On July 16, 2018, the petitioners' contact person was notified of those cover sheet defects. The petitioners submitted amended cover sheets to the Board purporting to cure the defects. The amended cover sheets were received by the Board on July 17 and 19, 2018. On July 19, 2018, the Board disqualified the petitioners based on deficiencies in the amended cover sheets.
Although 22 of the petitioners commenced a prior proceeding on July 27, 2018, in the Supreme Court, New York County (hereinafter the New York County proceeding), seeking to validate their designating petitions, and the other 5 petitioners were subsequently added to that proceeding (see Matter of Hitt v D'Apice, 154 AD2d 568, 569), the petitioners thereafter commenced this separate proceeding on August 13, 2018. In a final order dated August 17, 2018, the Supreme Court, Queens County, inter alia, granted those branches of the petition which were to validate the [*2]designating petitions of 25 of the 27 petitioners and denied the Board's motion, in effect, to dismiss the proceeding as untimely. The Board appeals.
The last day to institute a proceeding with regard to a petition is "fourteen days after the last day to file the petition, or within three business days after the officer or board with whom or which such petition was filed, makes a determination of invalidity with respect to such petition, whichever is later" (Election Law § 16-102[2]). " A petitioner raising a challenge under Election Law § 16-102 must commence the proceeding and complete service on all the necessary parties within the period prescribed by Election Law § 16-102(2)'" (Matter of Nunziato v Messano, 87 AD3d 647, 648, quoting Matter of Wilson v Garfinkle, 5 AD3d 409, 410). The last available day under either calculation to commence a proceeding regarding the designating petitions at issue was July 26, 2018, which was 14 days after the last day to file the designating petitions with the Board. As the petitioners commenced this proceeding more than two weeks after July 26, 2018 (see Election Law § 16-102[2]), the Supreme Court should have denied the petition and dismissed the proceeding as untimely (see Matter of Butler v Hayduk, 37 NY2d 497; Matter of Hitt v D'Apice, 154 AD2d at 569).
Since this proceeding is a "de novo proceeding separate and distinct" from the New York County proceeding (Matter of Hitt v D'Apice, 154 AD2d at 569 [internal quotation marks omitted]), the timeliness of the New York County proceeding is not dispositive of our determination here (see id.), and thus, the Board is not collaterally estopped from contending that this proceeding was untimely commenced (see Matter of Kurth v Orange County Bd. of Elections, 65 AD3d 642, 643).
Accordingly, the Supreme Court should have granted the Board's motion, in effect, to dismiss the proceeding as untimely.
The parties' remaining contentions are academic in light of our determination.
DILLON, J.P., COHEN, DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER: Aprilanne Agostino Clerk of the Court