Matter of Hill v Board of Elections in the City of New York (2022 NY Slip Op 03193)

Matter of Hill v Board of Elections in the City of New York

2022 NY Slip Op 03193

Decided on May 12, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 12, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.

2022-03390
 (Index No. 491/22)

[*1]In the Matter of Rene A. Hill, et al., appellants,
v
Board of Elections in the City of New York, respondent, Kellie M. Ullah, respondent-respondent.

DECISION & ORDER
In a proceeding pursuant to Election Law § 16-102, inter alia, to validate petitions designating (1) Rene A. Hill as a candidate in a primary election to be held on June 28, 2022, for the Democratic Party position of Assembly District Leader (Female) for the 29th Assembly District, Part A, and (2) Bernard T. Harrigan as a candidate in a primary election to be held on June 28, 2022, for the Democratic Party position of Assembly District Leader (Male) for the 29th Assembly District, Part A, the petitioners appeal from a final order of the Supreme Court, Queens County (Leonard Livote, J.), entered May 4, 2022. The final order denied the petition, inter alia, to validate and dismissed the proceeding.
ORDERED that the final order is affirmed, without costs or disbursements.
The petitioners commenced this proceeding, inter alia, to validate petitions designating Rene A. Hill as a candidate in a primary election to be held on June 28, 2022, for the Democratic Party position of Assembly District Leader (Female) for the 29th Assembly District, Part A, and Bernard T. Harrigan as a candidate in a primary election to be held on June 28, 2022, for the Democratic Party position of Assembly District Leader (Male) for the 29th Assembly District, Part A. In a final order entered May 4, 2022, the Supreme Court denied the petition, inter alia, to validate and dismissed the proceeding.
"A petitioner raising a challenge under Election Law § 16-102 must commence the proceeding and complete service on all the necessary parties within the period prescribed by Election Law § 16-102(2)" (Matter of Wilson v Garfinkle, 5 AD3d 409, 410; see Matter of Yellico v Ringer, 185 AD2d 965). Here, the petitioners failed to sufficiently demonstrate that they completed service within the time prescribed. Accordingly, the Supreme Court properly denied the petition, inter alia, to validate and dismissed the proceeding (see Matter of Wilson v Garfinkle, 5 AD3d at 410; Matter of Yellico v Ringer, 185 AD2d 965).
In light of our determination, we need not reach the petitioners' remaining contentions.
IANNACCI, J.P., CHAMBERS, GENOVESI and DOWLING, JJ., concur.
ENTER: Maria T. Fasulo
Clerk of the Court