Matter of McCrory v Westchester County Bd. of Elections (2023 NY Slip Op 02582)

Matter of McCrory v Westchester County Bd. of Elections

2023 NY Slip Op 02582

Decided on May 11, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 11, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2023-04041
 (Index No. 50241/23)

[*1]In the Matter of Suzanne McCrory, appellant,
v
Westchester County Board of Elections, respondent, Thomas A. Murphy, et al., respondents-respondents.

DECISION & ORDER
In a proceeding pursuant to Election Law § 16-102, inter alia, to invalidate a petition designating Thomas A. Murphy and Mallory C. Chinn as candidates in a primary election to be held on June 27, 2023, for the nomination of the Democratic Party as its candidates for the public offices of Mayor of the Village of Mamaroneck and Trustee of the Village of Mamaroneck, respectively, the petitioner appeals from a final order of the Supreme Court, Westchester County (David S. Zuckerman, J.), dated April 28, 2023. The final order denied the petition, inter alia, to invalidate the designating petition and, in effect, dismissed the proceeding as untimely.
ORDERED that the final order is affirmed, without costs and disbursements.
The respondents Thomas A. Murphy and Mallory C. Chinn (hereinafter together the candidates) filed a petition with the respondent Westchester County Board of Elections (hereinafter the Board) designating themselves as candidates in a primary election to be held on June 27, 2023, for the nomination of the Democratic Party as its candidates for the public offices of Mayor of the Village of Mamaroneck and Trustee of the Village of Mamaroneck, respectively. The petitioner filed specifications of objections to the designating petition with the Board. On April 18, 2023, following a hearing, the Board issued a determination denying the petitioner's objections.
The petitioner then commenced this proceeding pursuant to Election Law § 16-102, inter alia, to invalidate the designating petition. By a final order dated April 28, 2023, the Supreme Court denied the petition, inter alia, to invalidate the designating petition and, in effect, dismissed the proceeding as untimely. The petitioner appeals.
To properly institute a proceeding raising a challenge under Election Law § 16-102, a petitioner must "commence the proceeding and complete service on all the necessary parties within the period prescribed by Election Law § 16-102(2)" (Matter of Stora v New York State Bd. of Elections, 208 AD3d 1213, 1213-1214 [internal quotation marks omitted]; see Matter of Hill v Board of Elections in the City of N.Y., 205 AD3d 851, 851-852). Here, while the parties disagree as to which statutory deadline controls (see Election Law § 16-102[2]), the last possible date to commence the proceeding among the statutory possibilities and the facts presented would have been April 24, 2023. As service was not completed upon the respondents until April 26, 2023, the Supreme Court properly denied the petition, inter alia, to invalidate the designating petition and, in effect, dismissed the proceeding as untimely (see Matter of Stora v New York State Bd. of Elections, 208 AD3d at 1213-1214; Matter of Mandell v Board of Elections of the City of N.Y., 164 AD3d 719, [*2]720; Matter of DeStefano v Borkowski, 153 AD3d 817, 818). Furthermore, language with regard to service contained in the order to show cause that commenced this proceeding did not and could not extend the period of time within which to institute the proceeding (see Matter of McDonough v Scannapieco, 65 AD3d 647, 648-649; Matter of Kurth v Orange County Bd. of Elections, 65 AD3d 642, 643).
In any event, contrary to the petitioner's contention, the designating petition was not invalid due to the alleged omission of a "[w]itness identification information" section on one or more of the signature sheets (Election Law § 6-132[2]). Assuming without deciding that, as the petitioner asserts, Election Law § 6-132 governed the designating petition, "the failure of the subscribing witness to include the town or city, and the county, in the 'Witness Identification Information' section of the petition is insufficient, in and of itself, to warrant invalidation of the petition, particularly where, as here, the complete address of the subscribing witness appears elsewhere on the same page of the petition" (Matter of Berkowitz v Harrington, 307 AD2d 1002, 1003; see Matter of Scaturro v Maloney, 76 AD3d 688, 690-691; Matter of Galante v Ferrara, 307 AD2d 1007, 1007).
BRATHWAITE NELSON, J.P., MILLER, GENOVESI, DOWLING and TAYLOR, JJ., concur.
ENTER: Maria T. Fasulo
Clerk of the Court