■ In the Matter of ARTHUR McCOMB, Respondent, v. TOWN OF BROOKHAVEN, Respondent. ELIZABETH LEEDS et al., Intervenors-Appellants.— In a special proceeding brought by the respondent McComb, an elector of the Town of Brookhaven, to declare invalid petitions for a referendum to approve or disapprove a town resolution for the purchase of certain lands for public use (Town Law, § 91), the intervenors (who had filed such petitions) appeal from so much of an order of the Supreme Court, Suffolk County, dated August 23, 1962, as declared the petitions to be invalid and as declared that the Town Board is not required by virtue of said petitions to submit the resolution to the electors of the town for their approval or disapproval. Order, insofar as appealed from, affirmed, without costs. The intervenors' petition of July 11, 1962 admittedly does not contain the number of signatures required by section 91 of the Town Law if the count be deemed to include only those supporting sheets which contain a statement of the substance of the petition. The intervenors contend, however, that a large number of additional sheets should also be counted. These sheets, which were affixed to the others at some unknown time, are headed only by a statement to the effect that, "the undersigned" are qualified voters of the Town of Brookhaven. The signatures on these additional sheets are properly authenticated in accordance with section 135 of the Election Law; *and the authentication contains the prescribed statement that the signatory declared to the authenticating witness that* "the fore-

going statement, made and subscribed by him, was true." The ambiguity is so patent and the remedy so simple that we cannot doubt that by the word "petition," section 91 of the Town Law means substantially what is meant by the Election Law to which it refers, namely: a statement of purpose, followed by the authenticated signatures of those seeking to advance that purpose. The intervenors' proposal that claims of fraud or confusion, arising out of the submission of the additional sheets, should be disposed of at a hearing, is untenable; it would unnecessarily thrust on the court the determination of the perplexing question as to what was in the minds of the signers at the time they signed the respective sheets. That question can be answered simply and definitively by following the general form of petition set forth in section 135 of the Election Law. The intervenors' contention that the order to show cause which initiated this proceeding to nullify the petitions was defective because the order did not provide for service on them is likewise without merit. Section 335 of the Election Law governs hearings under section 91 of the Town Law; and the former makes it clear that the hearing shall take place on such notice to such persons "as the court, justice or judge shall direct". Hence, there was no requirement that the intervenors be served; and, inasmuch as they were permitted a timely intervention in the proceeding, it does not appear that they were prejudiced in any way. Kleinfeld, Acting P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.