George F. McInerney, J.
This is a combined proceeding under section 91 of the Town Law to declare invalid a petition designed to require a mandatory referendum upon a resolution of the town board to acquire certain real property in Brentwood.
The major objections will be considered in turn.
The contention of the filer of the petition that the resolution of the town board dated July 5, 1972 was invalid because of inadequate notice to the councilmen was properly withdrawn upon the production of a certified copy of the prior resolution of the board dated May 24,1972 giving the required notice.
Objections by the supervisor were made to a substantial number of1 signatories because it did not appear that they were prop *197 erty owners in the Town of Islip as required by section 84 of the Town Law. “No person shall be entitled to vote upon any proposition for raising, appropriating or expending money or incur-ruing any town liability, or for the sale or other disposition of town land or property, unless he or she is an elector of the town and the owner of property assessed upon the last preceding town assessment-roll.”
It was agreed at the hearing that if the constitutionality of the requirement was upheld, the petition would fail as not enough valid signatures would be left.
The proponent of the petition strongly argues that this requirement is invalid, and the court in view of the holdings and rationales in Kramer v. Union School District (395 U. S. 621), agrees. It would be a pointless redundancy to repeat the arguments found in this recent case. Interestingly enough, in the case before this court the questioned nonproperty owners in effect are asking that the tax moneys of the propertied class not be expended for a public purpose, which seems to bolster the logic of the Kramer ease. (See, also, Phoenix v. Kolodziejski, 399 U. S. 204; Cipriano v. Houma, 395 U. S. 701; Landes v. Town of North Hempstead, 20 N Y 2d 417.)
The court finds that these signatures are valid.
The supervisor alleges that the petition was invalid because it was mailed rather than filed personally.
The supervisor contends that such a petition under section 91 of the Town Law must be filed with the Town Clerk and that filing means personal delivery and not mailing. (Gates v. State of New York, 128 N. Y. 221.)
The statute does not say who must file the petition, and it might be successfully argued that when a postman delivers the mailed petition to the Town Clerk, he is actually filing the petition. It would seem in any event if the petition arrives at the Town Clerk’s office by any means, it would then be filed.
There were in fact two groups of papers mailed to the Town Clerk. The court finds by a fair preponderance of the credible evidence that one Richard Olmo on August 4, 1972 mailed 142 signatures from Jamaica, New York, addressed to the Town Clerk,' and that shortly before midnight of the same day he mailed an additional 78 signatures from Brentwood^ The court holds that the time of the postmark is not controlling in view of the uncontradicted testimony of Mr. Olmo.
The proponent cites subdivision 12 of section 143 of the Election Law: 1 ‘ All papers required to be filed pursuant to the provisions of this chapter shall be filed between the hours of' nine *198 a. m. and five p, m. If the last day for filing shall fall on a legal holiday, such papers shall be accepted for filing on the next business day. All papers sent by mail in an envelope postmarked prior to midnight of the last day of filing shall be accepted for filing when received. ’ ’
The court finds that the papers were timely filed by mail as authorized by this section of the Election Law.
The objector alleges that the signatures are invalid because they were not authenticated as required by the Election Law. He further alleges that since the proponent wishes to take advantage of the favorable aspect of the mailing provisions of the Election Law, he must also expose himself to any possible disadvantages of the other sections. It is hard to ignore the pertinency of the ancient aphorism of the sauce for the goose and gander.
Section 91 of the Town Law provides: ‘1 The petition may be made upon separate sheets and the signatures to each sheet shall be authenticated in the manner provided by the election law for the authentication of designating petitions.”
The incorporation by reference to the Election Law was not a felicitous standard. Either subdivision 3 of section 135 or section 138 of the Election Law applies and section 138 is far more suited to this type petition. Section 138 was amended to its present form on July 2,1971 only about a month before the preparation of the petition. Section 135 was also amended to the same effect.
Not unexpectedly, the authentication at the bottom of each page of the petition does not substantially conform with the new statute. The proponent asks the court to exercise its discretion and validate the defective authentications. (Matter of George v. Van Keuren, 185 Misc. 671; Matter of Moore v. Bachman, 73 N. Y. S. 2d 62; Matter of Sinicropi, 135 N. Y. S. 2d 77, affd. 284 App. Div. 893.)
The proponent argues that upon the authority of the Sinicropi case {supra), the technical requirements of the Election Law would only thwart the intent of the Legislature.
Unfortunately for this argument the Legislature specifically set forth the requirements it wanted in the amendments to both sections 138 and 135 and for the court to ignore their plain meaning would not be so much a matter of the exercise of judicial discretion as the exercise of arrogation of legislative authority and responsibility. The important addition to sections 138 and 135 reads as follows: “I understand that this statement will be accepted for all purposes as the equivalent of an affidavit and, *199 if it contains a material false statement, shall subject me to the same penalties as if I had been duly sworn.”
This added statement by the witness imposes a far greater criminal liability upon him than before, for it is an admission that he is aware of the possible results of a fraudulent statement rather than having a liability imposed upon him by operation of law alone. Ignorantia legis neminen excusat is a maxim followed more faithfully by the courts than by a jury.
The court finds all of1 the sheets were improperly authenticated and invalid.
Finally, the objector claims that four separate petitions were filed, none of which contained enough signatures to require the referendum.
One was filed on August 3 and one on August 4, both in person. Two were mailed from different post offices on August 4.
Section 91 of the Town Law states: “ The several sheets so signed and authenticated when fastened together and offered for filing shall be deemed to constitute one petition.”
Admittedly the four groups of papers were not fastened to each other.
While the court is of the disposition to exercise whatever discretion it has to sustain the validity of all petitions of the public where fraud is not the issue, it cannot close its eyes to the unequivocal meaning of the specific requirement of fastening all sheets together to create a single petition. The court cannot in good conscience inquire as to the reason for this requirement or the wisdom of the Legislature in enacting it, for the court must be bound by the law equally with all citizens and must not substitute its opinion for that of the State Legislature.
The court finds that four separate petitions were filed, none of which contained enough signatures to mandate an election.
The court thanks both attorneys for their clear presentation of the issues, their commendable co-operation with the court in repairing to the Board of Elections for comparison of signatures ; and their professional approach to what can turn into a personal confrontation.