Anthony J. Ferraro, J.
This is an application by order to *870 show cause pursuant to section 91 of the Town Law to declare null and void petitions filed in objection to a proposed town hall in the Town of Mount Pleasant.
It appears that the Town of Mount Pleasant adopted a resolution to erect a town hall at Columbus Avenue and Stevens Avenue in the township in the median between the north and southbound lanes of Columbus Avenue.
Unfortunately the Town Law does not afford an automatic right to the electorate to vote upon the resolution although it may involve a substantial expenditure of its funds. On the contrary, the law places the burden upon the electorate to submit a proper and legal petition to gain such right.
This court does not agree with the concept of placing limitations upon the fundamental right of the people to vote upon matters affecting their pocketbooks. This right should be original and primary and not subjected to the burden of obtaining a specified number of signatures nor to the risk of noncompliance with technical legal requirements.
Nonetheless the Legislature in an apparent attempt to streamline the functioning of town government has seen fit to enact legislation which reverses the normal process and shifts the burden upon the people to assert if they wish to preserve their right to vote.
Accordingly section 91 of the Town Law imposes as conditions to the right to vote (1) that "five per centum of the total vote cast for governor in said town at the last general election” sign a petition (2) that such petition be "authenticated in the manner provided by the election law for the authentication of designating petitions” (3) that such petitioners must protest the resolution and request that "it be submitted to the qualified electors of the town * * * for their approval or disapproval”. Section 135 of the Election Law delineates precise and exact language which must be incorporated on each sheet of the petition.
As further evidence of the legislative attempt to streamline the process the petition must be filed within 30 days of the town resolution; objections thereto must be filed within five days thereafter; the court must resolve the objections within 20 days and the vote if it survives the test must be taken within 40 days of the filing of the petitions at added expense to the taxpayers.
*871 The court therefore hastens to make this determination in compliance with the legislative mandate.
The petition herein, objected to within the required five days, fails to protest “against such act or resolution” and fails to request “that it be submitted to the qualified electors * * * for their approval or disapproval.” The petition merely opposes "the proposed siting of a new Town Hall * * * at Columbus Avenue and Stevens Avenue.” An objection to a particular location may not be construed as an objection to the whole idea nor transformed into a request that the voters be given an opportunity to vote upon the concept. The petitioners have therefore failed to comply with the technical requirements of the Town Law. (See Matter of McComb, 232 NYS2d 861, affd 18 AD2d 662.)
Furthermore, the individual sheets of the petition are not authenticated in any manner much less the precise and even more technical manner delineated by section 135 of the Election Law. Such failure of authentication automatically invalidates the petitions. (Matter of Cohalan, 71 Misc 2d 196, affd sub nom Matter of Cohalan v Olmo, 41 AD2d 840.)
In view of the palpable insufficiency of the petitions the court does not reach the issue of the sufficiency or validity of the signatures themselves.
The court must therefore grant this application.
So ends another chapter in the surrender of individual rights trampled over by the wheels of progress and swallowed up by a maze of legal technicality spewed by legislative machination.