In the Matter of ROBERT J. PODLAS, Respondent-Appel-

lant. GLORIA M. WODARCZAK, Appellant-Respondent.—Order and judgment unanimously modified on the law and as modified affirmed without costs, in accordance with the following memorandum: On August 15, 1988, the Town Board of the Town of Cheektowaga passed a resolution which authorized the acquisition of land and development of a golf course at Rehm Park. The Board appropriated the sum of $2,000,000 for the project, $1,900,000 of which was to be funded by 20-year bonds. Although the resolution was subject to permissive referendum (see, Town Law § 220 [4]; Local Finance Law § 35.00), it was not challenged by the electors. On August 6, 1990, the Town Board enacted a resolution that amended the 1988 resolution to provide for a total appropriation of $3,900,000 for the construction of a golf course, $3,705,000 of which was to be funded by 20-year bonds. Pursuant to section 90 of the Town Law, the Town Clerk published notice of the resolution. The notice as published described the resolution as one which authorized the town to construct a golf course at a maximum cost of $3,900,000, and authorized the issuance of $3,705,000 serial bonds of the town. The notice also provided that "the bond resolution, as amended, is subject to a permissive referendum."

Two petitions duly subscribed and acknowledged by electors of the town were timely filed with the Town Clerk (see, Town Law § 91). One petition purported to seek a referendum pursuant to section 81 of the Town Law on whether a golf course should be built. The second petition protested the resolution of the Town Board, adopted August 6, 1990, authorizing construction of a golf course and the appropriation of $3,900,000 therefor, and requested that the August 6, 1990 resolution, "or the substance thereof", be submitted to the qualified voters for their approval or disapproval.

The petitions were challenged by Robert Podlas. Supreme Court invalidated both petitions, determining that the 1988 resolution authorizing the construction of the golf course and the issuance of bonds in the amount of $1,900,000 was no longer subject to challenge (Town Law § 220; Local Finance Law § 35.00). The court further held invalid the petition protesting the 1990 resolution on the ground that its language, which challenged the town's decision to build a golf course as well as the entire appropriation of $3,900,000, could have confused the signatories and led them to the erroneous conclusion that they had the power at this time to invalidate the 1988 resolution.

We conclude that Supreme Court correctly invalidated the

petition to challenge whether the golf course should be constructed. That petition was not properly brought under section 81 of the Town Law, and is merely an attempt to circumvent the time limitations of Town Law § 91. We hold that the 1988 resolution, not challenged by the electors within 30 days of its adoption (see, Town Law § 91), is now beyond any such challenge.

We conclude, however, that the court erred by invalidating the second petition challenging the resolution dated August 6, 1990. The language of the petition tracked the language of the resolution precisely. It also tracked the language of the public notice drafted by the Town Clerk. In our view, the petition fairly and accurately set forth the content of the resolution; consequently, the referendum should proceed. If the voters should disapprove the 1990 resolution, we conclude and the appellant concedes that the validity of the bond resolution adopted in 1988 shall be in no way affected and shall remain in full force and effect.

We have examined the issues raised by the cross appeal and find them to be lacking in merit. (Appeals from order and judgment of Supreme Court, Erie County, Sedita, J.—invalidate referendum.) Present—Dillon, P. J., Callahan, Doerr, Denman and Green, J. (Order entered Oct. 15, 1990.)