OPINION OF THE COURT
Francis A. Nicolai, J.
Order to show cause and verified petition seeking a declaratory judgment pursuant to CPLR article 78, CPLR 3001 and Town Law § 91 that a petition requesting a permissive referendum in the Town of Kent be declared null and void as a matter of law, and cross motion of intervenors-respondents[1] for an order dismissing the petition, and directing respondents, pursuant to Town Law § 91, to submit the referendum to the electors of the Town of Kent for their approval or rejection.
On April 16, 2013, respondent Town Board of the Town of Kent adopted a resolution involving a lease of property to petitioner Homeland Towers, LLC authorizing the Town Supervisor to execute an amended lease agreement, subject to a permissive referendum as set forth in Town Law § 90 (verified petition, exhibit 1). On May 14, 2013, a petition was filed with the Town Clerk of the Town of Kent, seeking a permissive referendum with respect to the resolution pursuant to Town Law § 64 (2) (id., exhibit 2).
On May 17, 2013, petitioners herein filed written objections to the petition seeking a referendum with the Town Clerk (id., exhibit 3), and on May 20, 2013 filed a petition in this court commencing a special proceeding to annul the referendum petition.
As a preliminary matter, the court finds that the instant proceeding is timely filed. Both written objections to a petition for a referendum must be filed with the Town Clerk and a verified petition to invalidate such referendum petition must be filed in the Supreme Court within five days after the filing of *574 such referendum petition (Town Law § 91). The written objections to the referendum petition were timely filed on May 17, 2013 within the five-day window. Intervenors challenge the timing of the filing of the petition in this court, stating that the order to show cause was not signed until May 21, 2013. However, since the amendment to CPLR 304 in 2001, commencement of a special proceeding is measured from the date of filing of the petition, and no longer by the date of filing of a signed order to show cause accompanying the petition (Matter of Antine v City of New York, 14 Misc 3d 161 [Sup Ct, NY County 2006]). The petition here was filed in the Putnam County Clerk’s Office on May 20, 2013,[2] as evidenced by the date stamp on the petition, and thus no objection based on timeliness prevents this court’s review. Nor have intervenors raised any standing objection with respect to petitioner Mathewson, and thus, regardless of whether the additional petitioner has standing, review may proceed.
Turning to the merits, petitioners contend that the petition for permissive referendum did not comply with Town Law § 91, which mandates that the signatures on each sheet “shall be authenticated in the manner provided by the election law for the authentication of nominating petitions.” That procedure, set forth in Election Law § 6-140 (1) (a), provides that the preamble to any sheet for the collection of signatures must state the following: “my present place of residence is truly stated opposite my signature.” The court has reviewed the referendum petition and agrees with petitioners that the failure to include this language in its preamble is a fatal defect warranting invalidation of the petition for referendum (Matter of Fisher v Sampson, 27 AD3d 560, 561-562 [2d Dept 2006]; Matter of Kurtz v Town of Amherst, 244 AD2d 895 [4th Dept 1997]). The referendum petition is also defective in that it fails to set forth the election district of each person signing the petition (Matter of Lindley v Babylon Town Clerk, 80 AD2d 879 [2d Dept 1981]), and lacks any affirmative articulation of the objections upon which the petition is founded, thus providing no notice of the specific basis upon which the petition is based (Matter of Town of Mount Pleasant, 82 Misc 2d 869 [Sup Ct, Westchester County 1975]). Given the foregoing multiple defects warranting invalidation of the petition for referendum, the court need not *575 consider the issue of the legibility of each signature, which would require a hearing for resolution.
Accordingly, it is hereby ordered and adjudged that the petition to invalidate the referendum petition dated May 14, 2013 (sequence No. 1) is granted, and the referendum petition is annulled; and it is further ordered that the intervenorsrespondents’ motion to dismiss the petition (sequence No. 3) is denied in its entirety.

. The motion by intervenors-respondents for permission to intervene (sequence No. 2) was granted on the record on the return date of the application, June 7, 2013.

. The fifth day after May 14, 2013 was Sunday, May 19, 2013. Thus, filing on Monday, May 20, 2013 was proper (General Construction Law §§ 20, 25-a).