Matter of Merlin Entertainments Group U.S. Holdings, Inc. v 409 Signatories to the challenged Referendum Petition (2018 NY Slip Op 02627)





Matter of Merlin Entertainments Group U.S. Holdings, Inc. v 409 Signatories to the challenged Referendum Petition


2018 NY Slip Op 02627


Decided on April 18, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JEFFREY A. COHEN
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2017-11538
 (Index Nos. 8421/17, 8425/17)

[*1]In the Matter of Merlin Entertainments Group U.S. Holdings, Inc., et al., respondents,
v 409 Signatories to the challenged Referendum Petition, appellants. (Proceeding No. 1)
In the Matter of Town of Goshen, etc., respondent,
v
409 Signatories to the challenged Referendum Petition, appellants. (Proceeding No. 2)


Michael H. Sussman, Goshen, NY (Jonathan R. Goldman of counsel), for appellants.
Drake Loeb PLLC, New Windsor, NY (Stephen J. Gaba of counsel), for respondents in Proceeding No. 1, Merlin Entertainments Group U.S. Holdings, Inc., and Jennifer Karon.
Burke, Miele, Golden & Naughton, LLP, Goshen, NY (Richard B. Golden and Kelly M. Naughton of counsel), for respondent in Proceeding No. 2.



DECISION & ORDER
In a proceeding pursuant to Town Law § 91, the 409 Signatories to the challenged Referendum Petition appeal from an order of the Supreme Court, Dutchess County (James V. Brands, J.), dated November 9, 2017. The order granted the petition of Merlin Entertainments Group U.S. Holdings, Inc., and Jennifer Karon, and the separate petition of the Town of Goshen, to invalidate a petition requesting a permissive referendum and, in effect, invalidated the referendum petition.
ORDERED that the order is reversed, on the law, without costs or disbursements, the petitions to invalidate are denied, and the proceedings are dismissed.
On September 14, 2017, the Town Board of the Town of Goshen adopted a resolution agreeing to convey six parcels of Town-owned land to Merlin Entertainments Group U.S. Holdings, Inc. (hereinafter Merlin), to construct a commercial recreation facility to be known as "LEGOLAND New York." On September 18, 2017, the Goshen Town Clerk published a notice providing that, pursuant to Town Law § 64(2), the resolution authorizing the conveyance would not take effect for 30 days and was subject to a permissive referendum. On October 13, 2017, a petition containing 409 signatures on a total of 51 sheets was filed with the Goshen Town Clerk, requesting a referendum on the resolution. Each petition sheet included an identical statement at the top providing: "I, the undersigned, do state that I am a duly qualified voter . . . ; that on September 14, 2017, the Town Board of the Town of Goshen approved and adopted a Resolution Authorizing The Sale of Certain Lands Owned By The Town of Goshen To Merlin Entertainments,' including [certain identified parcels]; and I do hereby protest against the adoption by act or resolution of the Resolution Authorizing The Sale of Certain Lands Owned By The Town of Goshen To Merlin Entertainments,' and the said authorization and request that it be submitted to the qualified electors of the town affected . . . for their approval or disapproval pursuant to Article Seven of the New York State Town Law."
On October 18, 2017, Merlin, and Jennifer Karon, a resident of the Town, filed written objections to the referendum petition and, thereafter, commenced a proceeding pursuant to Town Law § 91 to invalidate the referendum petition on the ground that it failed to set forth "the significant facts regarding the transaction approved by the resolution in question" and "an articulation of the objections upon which the petition was founded." The Town also filed an objection to the referendum petition and, on October 18, 2017, filed a separate petition to invalidate the referendum petition, making similar arguments. The Supreme Court granted the petitions to invalidate and, in effect, invalidated the referendum petition. The 409 Signatories to the challenged Referendum Petition appeal. By decision and order on a motion dated December 6, 2017, this Court stayed the sale of the subject real property pending the hearing and determination of this appeal. For the reasons that follow, we reverse.
Town Law § 91 provides that an act or resolution of a town board subject to a permissive referendum shall not take effect until thirty days after its adoption. "[I]f within thirty days after its adoption there be filed with the town clerk a petition signed" by a statutorily prescribed number of qualified electors "protesting against such act or resolution and requesting that it be submitted to the qualified electors of the town or district affected, for their approval or disapproval," the act or resolution shall be subject to a permissive referendum (Town Law § 91 [emphasis added]). Here, the referendum petition satisfied the requirements of Town Law § 91 by identifying the resolution, stating that the undersigned electors were signing in protest to it, and requesting that the resolution be submitted to a referendum of qualified electors (see Matter of Podlas [Wodarczak], 167 AD2d 971).
In arguing that a referendum petition sheet must contain a more detailed description of the facts regarding the transaction approved by the resolution and an articulation of the signatories' objections to the resolution, Merlin, Karon, and the Town misinterpret this Court's decision in Matter of McComb v Town of Brookhaven (18 AD2d 662). In Matter of McComb, a large number of signature sheets appended to the petition were headed only by a statement that the undersigned were qualified voters of the Town of Brookhaven, without any reference to the resolution purportedly objected to by those signatories or requesting a referendum (see id.). Analogizing to the requirements for a petition under the Election Law, this Court held that the word [*2]"petition" in Town Law § 91 means "a statement of purpose, followed by the authenticated signatures of those seeking to advance that purpose" (Matter of McComb, 18 AD2d at 663 [emphasis added]). Since the purpose for which the signatories placed their signatures on the petition sheets could not be determined from the petition sheets themselves, this Court held that the subject petition sheets were invalid.
Here, in contrast, the petition sheets set forth the purpose for which each elector signed, namely, to protest the resolution authorizing the sale of Town-owned property to Merlin and to request a referendum on its adoption. Indeed, by the inclusion of language simply tracking the requirements of Town Law § 91, the petition sheets satisfied the "statement of purpose" requirement set forth in Matter of McComb (18 AD2d at 663). To require more detail would be to read a new requirement into Town Law § 91 that the legislature did not include. To the extent that Matter of Mathewson v Town of Kent (41 Misc 3d 572, 574 [Sup Ct, Putnam County]) required an "affirmative articulation of the objections upon which the petition is founded," it should not be followed.
Finally, contrary to the contention of Merlin, Karon, and the Town, the matter has not been rendered academic by the passage of time and, therefore, "the referendum should proceed" (Matter of Podlas [Wodarczak], 167 AD2d at 973).
SCHEINKMAN, P.J., COHEN, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court