Rust v Town of Hamburg (2025 NY Slip Op 51805(U))

[*1]

Rust v Town of Hamburg

2025 NY Slip Op 51805(U)

Decided on November 13, 2025

Supreme Court, Erie County

Licata, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected in part through November 19, 2025; it will not be published in the printed Official Reports.

Decided on November 13, 2025
Supreme Court, Erie County

David Rust, Petitioner,

against
Town of Hamburg Town Clerk of the Town of Hamburg, and 
 Signatories of Certain Petitions Requesting a Permissive Referendum, Respondents.

Index No. 600519/2025

John B. Licata, J.

The Town of Hamburg set out to build a Senior and Community Center building at 2982 Lakeview Road, Hamburg, New York at the estimated total cost of $9,034,700.00 to be financed, at least in part, by issuing bonds. The Town gave notice of the resolution which triggered a thirty day period for filing of any petitions protesting against such resolution and have the measure submitted to a referendum vote of the qualified electors of the Town as set forth in Town Law § 91. Such petitions were submitted and the signers are respondents identified at "Signatories of Certain Petitions Requesting a Permissive Referendum" in this action.
Petitioner David Rust seeks an order invalidating the petitions because, among other things, they fail to comply with applicable law that requires the preamble to state that the voter's "present place of residence is truly stated opposite" their signature. Respondents on behalf of Hamburg agree with Rust in arguing to invalidate the petitions based on a failure to comply with specific wording quoted above. The Signatories, through Josh Collins representing himself a signer, argue the court should exercise discretion and deny the petition based on substantial compliance with applicable laws and in the spirit of the simple form of protest in the permissive referendum petition.
This court finds that Kurtz v Town of Amherst, 244 AD2d 895 [4th Dept 1997] is controlling authority and the petition is invalid "because the preamble fails to comply with the statutory requirement that the voter state that [their] "present place of residence is truly stated opposite [their] signature" Id. at 895.
This court reviewed the order to show cause filed October 21, 2025; the petition of David Rust filed October 13, 2025; verified answer on behalf of Town of Hamburg and Town Clerk of the Town of Hamburg filed November 6, 2025; verified answer and memorandum of law on [*2]behalf of the Signatories filed November 7, 2025; a verified answer and memorandum of law on behalf of the Signatories filed November 10, 2025; a memorandum of law in support of a motion to strike unauthorize appearance on behalf of Signatories filed November 10, 2025. On November 12, 2025, the court heard oral argument from petitioner David Rust, Joseph Burns, Esq., on behalf of Hamburg respondents, and Josh Collins on behalf of himself as one of the signers of the petitions.
A review of the petition at issue confirms the absence of any mention that the addresses listed next to the signatures refers to anything, relying upon an inference that the address is the signer's present place of residence. This does not satisfy the applicable caselaw set forth in Kurtz and statutory requirements of Town Law § 91, Election Law §§ 1-102; 6-140 [1] [a].
Signatories rely upon Matter of Merlin Entertainments Group U.S. Holdings, Inc. v 409 Signatories to the Challenged Referendum Petition, 160 AD3d 867 [2d Dept 2018] to support their position that the petition satisfies the content if not the form required of petitions. The Appellate Division, Second Department noted "the referendum petition satisfied the requirements of Town Law § 91 by identifying the resolution, stating that the undersigned electors were signing in protest to it, and requesting that the resolution be submitted to a referendum of qualified electors" (Matter of Merlin Entertainments Group U.S. Holdings, Inc. v 409 Signatories to the Challenged Referendum Petition, 160 AD3d at 869). The petition at issue does not state that the reason for the permissive referendum is to protest the resolution by the Town. The plain language of the petition is to "petition for a referendum of the following resolution adopted by the Hamburg Town Board" (see Exhibit A to Petition of David Rust). There is no indication that those collecting signatures are protesting the referendum or opposing the measure taken by the Town. While one could argue it is a reasonable conclusion that the permissive referendum is in protest to the measure, the standard requires an explicit statement of purpose which is lacking in the petition (see Matter of McComb v Town of Brookhaven, 18 AD2d 662 [2d Dept 1962]).
Because the petition is invalid on its face, the court need not address the remaining contentions of the parties.
ENTER:
Dated: November 13, 2025
Hon. John B. Licata, J.S.C.